J-S22030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PENO | : | |
| | : | |
| Appellant | : | No. 1669 MDA 2018 |

Appeal from the PCRA Order Entered September 19, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002996-1996

BEFORE: SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 09, 2019**

Appellant, Kevin Peno, appeals *pro se* from the September 19, 2018 Order, entered in the Dauphin County Court of Common Pleas, dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. He contends that (1) he was denied the effective assistance of counsel when counsel agreed to the GPS monitoring device as a condition of his probation; and (2) wearing the GPS monitoring device was punitive and, therefore, a violation of **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). After careful review, we affirm.

This Court previously set forth the facts and procedural history of this case, and we need not reiterate the details to resolve the issues Appellant raises in this appeal. **See Commonwealth v. Peno**, No. 1219 MDA 2012 (Pa. Super. filed Aug 16, 2013) (unpublished memorandum); **Commonwealth v.**

_____
* Retired Senior Judge assigned to the Superior Court.

***Peno***, No. 1795 MDA 2015 (Pa. Super. filed Oct. 13, 2016) (unpublished memorandum). Relevant to this appeal, we note the following: Appellant served his full 15-year sentence of incarceration for various sexual offenses against minor children.  Immediately prior to his release from prison, the Dauphin County Probation Department lodged a detainer against him alleging that because he did not fulfill a condition of parole—that he complete sex offender treatment while in prison—he was not a candidate for probation. After various proceedings, the court found him in violation of his probation ("VOP"), revoked his probation, and imposed sentence.  On appeal, this Court vacated the VOP Judgment of Sentence, holding that the condition of parole imposed by the trial court had been illegal and, therefore, could not be used as basis to revoke Appellant's probation.  ***See Commonwealth v. Peno***, No. 1219 MDA 2012, unpublished memorandum at 1, 4) (Pa. Super. filed Aug. 16, 2013). The Pennsylvania Supreme Court denied allowance of appeal on July 14, 2014.

On July 18, 2014, "by agreement of the parties to expedite Appellant's release from incarceration, the trial court issued an order modifying the conditions of Appellant's probation to include certain geographic restrictions to be enforced by GPS monitoring.  (***See*** N.T. Revocation Hearing, 3/16/15, at 1-4; ***see also*** Order of Court, 7/18/14, at unnumbered pages 1-2)." ***Commonwealth v. Peno***, No. 1795 MDA 2015, unpublished memorandum at 2-4 (Pa. Super. filed Oct. 13, 2016).  Appellant subsequently tampered with

the GPS monitoring device, which resulted in the Commonwealth charging him with criminal mischief and filing a Petition alleging a VOP.

After a summary hearing, on May 21, 2015, the court found Appellant guilty of the criminal mischief offense and immediately sentenced him to pay the costs of prosecution and a fine of one hundred dollars. **See id**. at 6, citing N.T. Summary Hearing, 5/21/15, at 4-6, 29. The VOP court subsequently issued an Order finding that Appellant had violated the conditions of his probation. **See** Order, 6/11/15. On September 10, 2015, the court sentenced Appellant to a term of incarceration of four years and two months' to 20 years' incarceration, to be followed by a term of probation of 20 years.[1] **See** N.T. Sentencing, 9/10/15, at 13-14.

Appellant filed a Post-Sentence Motion, which the court denied on October 10, 2015. Appellant timely appealed, challenging, *inter alia*, the legality of modifying the conditions of his probation to include GPS monitoring. This Court affirmed his Judgment of Sentence on October 13, 2016. **See Peno**, **supra**, 1795 MDA 2015 (Pa. Super. filed Oct. 13, 2016) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on May 3, 2017. **Commonwealth v. Peno**, 168 A.3d 1290 (Pa. 2017).

_____

[1] The court subsequently modified the term of incarceration to three years, nine months, and 24 days to 20 years' incarceration.

On June 23, 2017, Appellant filed *pro se* the instant PCRA Petition, alleging that (1) the trial court's July 18, 2014 Order violated 42 Pa.C.S. § 9771[2] because it modified his probation before the Superior Court had remanded his case record to the trial court; (2) the court's Order subjecting him to GPS monitoring constituted an illegal search and seizure;[3] and (3) "all my counsels" provided ineffective assistance because he "did not know they were going to change condition until [he] saw parole, probation Officer on July 18, 2014."  Petition, 6/22/17, at 3, 4.

The PCRA court appointed Damian J. DeStefano, Esq., to represent Appellant.  On September 18, 2017, he filed a Supplemental PCRA Petition reiterating Appellant's illegal sentencing claim and requesting additional time to review and determine the applicability of the Pennsylvania Supreme Court's July 19, 2017 holding in ***Muniz***, ***supra***.

After receiving numerous extensions of time to file an additional Supplemental PCRA Petition, on July 23, 2018, counsel instead filed a Petition for Leave to Withdraw as Counsel and a ***Turner***/***Finley***[4] "no merit" letter, concluding that the holding in ***Muniz*** did not apply to Appellant's case and

---

[2] ***See*** 42 Pa.C.S. § 9771 ("Modification or revocation of order of probation").

[3] Appellant conceded that he raised this issue on direct appeal.  ***See*** PCRA Petition at 4.  ***See also Commonwealth v. Peno***, No. 1795 MDA 2015, unpublished memorandum at 7, 12 (Pa. Super. filed Oct. 13, 2016.

[4] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

that the other issues Appellant sought to raise had been previously litigated and were, therefore, not cognizable under the PCRA.[5] *See Turner-Finley* No Merit Letter, 7/23/18, at 9-16. With respect to Appellant's ineffective assistance of counsel claims, Attorney DeStefano concluded that the claims lacked merit. *See id.* at 17-19.

On July 24, 2018, the PCRA court granted counsel's Petition for Leave to Withdraw as Counsel.

On August 2, 2018, Appellant filed *pro se* an Amended PCRA Petition in response to "Appointed Attorney[']s No Merit Letter and Petition to Withdraw." In his Amended Petition, Appellant averred both that he had timely filed his *Muniz* claim and that it had merit, and he again reiterated his claim that the trial court's July 18, 2014 sentencing order was illegal on its face. Amended PCRA Petition, 8/2/18, at 1 (unpaginated).

On September 19, 2018, the PCRA court dismissed Appellant's PCRA Petition.[6] This timely appeal followed. Appellant filed a Pa.R.A.P. 1925(b)

_____

[5] A petitioner is not eligible for post-conviction relief if he has previously litigated the allegation of error. 42 Pa.C.S. § 9543(a)(3). An issue has been previously litigated if either "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue" or "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." *Id.* at §9544.

[6] Generally, the PCRA court must provide notice of its intent to dismiss a PCRA Petition and provide the petitioner with twenty days in which to respond. Pa.R.Crim.P. 907(1). However, Appellant did not object to the PCRA court's failure to provide notice of intent to dismiss pursuant to Rule 907, rendering any argument on this issue waived. *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).

Statement as directed by the PCRA court. The court filed a Rule 1925(a) Opinion in which it adopted the rationale set forth in counsel's "no-merit" letter.

Appellant raises the following two issues on appeal:

1. Whether the PCRA court was misplaced by granting appointed PCRA counsel's No-Merit Letter and Motion to Withdraw without a hearing in that former counsel[] Paul Muller, Andrea Haynes, James J. Karl of Dauphin County Public Defender[']s Office were all ineffective by allowing conditions which are now illegal since **Com**[**monwealth**] **v. Muniz**, 164 A.3d 1189 (Pa. 2017) made 42 Pa.C.S.[] subsectuions 9799.30, 9733 [*sic*] thus the entire SORNA program could not apply retroactively to persons who committed their crimes before December 20, 2012.

2. Whether the PCRA court erred by that an issue in this appeal is whether the Commonwealth may punish an individual for conduct which was made a crime by an amended statute where the original version of the statute has been unconstitutional in its entirety?

Appellant's Brief at 3.

Appellant first asserts that, because he did not consent to the GPS condition and did not authorize his attorney, Paul Muller, Esq., to waive the hearing requirement in order to obtain Appellant's prompt release from incarceration, counsel provided ineffective assistance of counsel. **See id.**, at 9-10. This issue warrants no relief.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if the record supports them. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super.

2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [A]ppellant." *Id.* To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

Appellant has not supported his bald claim that all his "counsels" provided ineffective assistance. He has not pled that the actions taken by his counsel were not designed to effectuate his interests, or that, but for his counsels' alleged ineffectiveness, the outcome of these proceedings would have been different. As a result of Appellant's failure to address these factors set forth in *Fulton*, *supra*, this issue warrants no relief.

In his second issue, Appellant presents a convoluted, nearly incomprehensible, discourse that essentially boils down to an averment that the PCRA court erred in finding that he had not raised a valid *Muniz* claim

with respect to the court's July 18, 2014 imposition of the GPS monitoring condition. Appellant's Brief at 16-18.

Appellant's reliance on **Muniz** is misplaced. In **Muniz**, our Supreme Court held that enhanced sexual offender registration requirements constituted punishment and that retroactive application of the registration provisions of the Sexual Offender Registration and Notification Act ("SORNA") violates the *ex post facto* clause of the Pennsylvania Constitution. **Muniz**, 164 A.3d at 1193.

**Muniz** pertains to registration requirements imposed on sex offenders; the "punishment" Appellant complains of is GPS monitoring as a probationary condition. Unlike **Muniz**, this probationary condition does not pertain to SORNA or any other statute relevant to registration requirements imposed on sex offenders. Thus, the PCRA court did not err in concluding that the **Muniz** holding does not entitle Appellant to relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2019